OPINION
Appellant Darwin Willey and appellee Carolyn Willey Peterson were divorced by the Guernsey County Common Pleas Court in 1990. Custody of the parties' minor son, Clint, was awarded to appellant. The case proliferated into much post-decree litigation.
On July 5, 1996, the Guernsey County Child Support Enforcement Agency filed a motion to intervene, and a motion to establish child support for Clint. Appellee filed a motion for modification of visitation rights. The Magistrate issued a decision on November 26, 1996, that specified that appellee's Christmas Eve visitation with Clint would begin at 4:00 p.m. on December 24, rather than 6:00 p.m.
On December 10, 1996, appellee filed objections to the decision of the Magistrate. The court set the matter for non-oral hearing on December 20, 1996. On December 19, 1996, the court modified the Magistrate's decision, ruling that visitation would begin on December 23, 1996 at 6:00 p.m., rather than December 24, 1996 at 4:00 p.m. The Clerk of Courts mailed copies of the order to the parties. However, plaintiff received a copy from her attorney by fax on December 20, 1996. Upon advice of counsel, appellee prepared a copy of the time-stamped order of December 19, and together with a cover letter, hand delivered the order to appellant on December 22, 1996. Appellant chose to ignore this order, as he had not yet received his "official" copy by way of the Clerk's office. Appellant did not make the child available for visitation until 4:00 p.m. on December 24, 1996.
Appellee moved to have appellant held in contempt of court for failing to obey the visitation order. The Magistrate issued a decision finding that appellant was aware of the decision, but deliberately failed to obey the order, using as an excuse his failure to receive an official copy of the order by mail. The Magistrate recommended that appellant be found in contempt of court and fined $250. The decision of the Magistrate was adopted by the trial court.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION FINDING DEFENDANT-APPELLANT IN CONTEMPT, FINING DEFENDANT-APPELLANT, AND AWARDING ATTORNEY FEES THEREFORE.
Appellant attempts to avoid the real issue in this case by engaging in argument as to whether this was a civil or criminal contempt charge, and by citing to a variety of civil rules regarding proper service. All of this irrelevant to the issue presented by the instant case.
The evidence is overwhelming, whether measured by a clear and convincing evidence standard or a beyond a reasonable doubt standard, that appellant was aware of the change in visitation schedule, yet purposely chose to ignore it, relying on the fact that the copy mailed to him by the Clerk of Courts had not yet arrived by mail. Whether or not appellant had received his copy from the Clerk's office is not relevant, as it is clear that he had actual knowledge of the order, and had a copy of it within his possession, yet deliberately chose to ignore it.
The child confirmed that the letter from appellee, together with a copy of the order of the court, was hand delivered to his father on Sunday, December 22, 1996. Clint Willey confirmed that he told his dad about the order, and that his mother had made plans for Christmas Eve beginning December 23 at 6:00 p.m. Appellant told Clint that he would not let him go with his mother on Monday, until he got a copy of the order. Clint Willey testified that appellant refused to open the letter and look at it, and put the letter in an envelope and re-mailed it to appellee, so he would not have to open it.
In addition, on December 23, 1996, appellant telephoned the business office of appellee at approximately 4:40 p.m. He left a message through a secretary that appellee could come for her visit on December 24, because he had not received his notification in writing of the change in visitation schedule. Appellant admitted that he had received the letter, and had been verbally advised of the change in the visitation order, but maintained that he was not officially notified of the change in visitation.
Appellant further testified that after telephoning appellee's office, he went to a movie on the evening of December 23, thereby avoiding appellee. When asked whether he called the court on Monday to ask about the order which appellee had hand delivered to him, he claimed that he was on vacation.
The evidence is overwhelming that appellant had actual notice of the change in visitation.
The Assignment of Error is overruled.
The judgment of the Guernsey County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Guernsey County Common Pleas Court is affirmed. Costs to appellant.